IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VARIANT HOLDING COMPANY, LLC,[1] | ) | Case No. 14-12021 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | **Re: Docket Nos. 4, 63** |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING DEBTOR TO EMPLOY AND RETAIN DEVELOPMENT SPECIALISTS, INC. TO PROVIDE A CHIEF RESTRUCTURING OFFICER, ADDITIONAL PERSONNEL, AND FINANCIAL ADVISORY AND RESTRUCTURING-RELATED SERVICES FOR SUCH DEBTOR, *NUNC PRO TUNC* AS OF THE PETITION DATE**

This matter coming before the Court on the *Motion of Debtor Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtor, Nunc Pro Tunc as of the Petition Date* (the "Motion") [Docket No. 4],[2] filed by Variant Holding Company, LLC (the "Debtor"), and as supplemented by the Debtor (the "Supplement") [Docket No. 63]; the Court having reviewed the Motion, the Sharp Declaration, and the Supplement; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. § 1409, (c) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (d) notice of the Motion was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Motion is necessary and essential for the Debtor's

---

[1] The last four digits of the Debtor's federal tax identification number are (4044). The Debtor's address is 1200 North El Dorado Pl., Ste. G-700, Tucson, AZ 85715.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

estate and such relief is in the best interests of the Debtor, its estate and its creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, as set forth herein, *nunc pro tunc* as of the Petition Date.

2. Any objections to the Motion, to the extent not withdrawn, are hereby overruled.

3. The Debtor is authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to employ and retain DSI, effective *nunc pro tunc* as of the Petition Date, to provide Mr. Sharp as CRO, the Additional Personnel, and financial advisory and restructuring-related services in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, and as modified by Amended Engagement Letter attached to the Supplement.

4. The terms of the Amended Engagement Letter are approved in all respects except as limited or modified in the Motion and herein.

5. Notwithstanding any terms set forth in the Amended Engagement Letter and Amended Operating Agreement, the CRO shall serve at the pleasure of the Board of Managers and may be removed by majority vote of the Board of Managers.

6. In the event the Debtor seeks to have DSI personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

7. Notwithstanding any provision to the contrary in the Amended Engagement Letter, DSI shall file with the Court and serve on the Notice Parties a Staffing Report by the 20th of each month for the previous month, which shall include the names and functions filled by all DSI personnel assigned to the engagement. The Staffing Report (and DSI's staffing for this matter) shall remain subject to review by the Court in the event so requested by any of the Notice Parties.

8. Further, notwithstanding any provision to the contrary in the Amended Engagement Letter, DSI shall file with this Court, and serve upon the Notice Parties, Compensation Reports on at least a quarterly basis. The Compensation Reports shall summarize the service provided, identify the compensation earned, itemize expenses incurred and provide for an objection period. All such compensation shall remain subject to review by this Court if any objection is filed.

9. Further, the Debtor is permitted to indemnify those persons acting as executive officers only on the same terms as provided under the Debtor's Amended Operating Agreement.

10. There will be no other indemnification of DSI or any of its affiliates.

11. Further, notwithstanding any provision to the contrary in the Engagement Letter, DSI shall be deemed to have waived, and shall not raise or assert any defense, based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to DSI's engagement in this case.

12. For a period of three years after the conclusion of DSI's engagement, neither DSI nor any of its affiliates shall make any investments in the Debtor or any reorganized Debtor.

13. DSI shall disclose any and all facts that may have a bearing on whether DSI, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtor, its creditors, or other parties in interest. The obligation to disclose identified in this paragraph is a continuing obligation.

14. Any success fees, transaction fees, or other back-end fees shall only be approved by the Court at the conclusion of the case upon the filing of a fee application, and shall be considered on a reasonableness standard and shall not be pre-approved under section 328(a) of the Bankruptcy Code.

15. Notwithstanding anything to the contrary in this Order, or any contract, document or other writing, nothing in this Order, or any contract, document or other writing (including any provision that purports to be preemptory, supervening or superior to) shall in any way operate to, or have the effect of, impairing or altering the contractual rights and remedies of the IMH Parties and Wells Fargo Bank, N.A. as Trustee for the registered holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2006-C4 ("Holder" & "Trust"), acting by and through Situs Holdings, LLC in its capacity as special servicer ("Situs"), in any respect concerning any of the Debtor's subsidiaries. Such rights and remedies of the IMH Parties, Holder, Trust, and Situs, shall be determined under the applicable contract, document or other writing under which any such person is a party thereto or beneficiary thereof, as applicable.

-5-

16. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

17. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

18. To the extent that this Order is inconsistent with the Amended Engagement Letter, the terms of this Order shall govern.

19. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: Nov 3, 2014

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge