IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VARIANT HOLDING COMPANY, LLC,[1] | ) Case No. 14-12021 (BLS) |
| | ) |
| Debtor. | ) **Objection Deadline: TBD** |
| | ) **Hearing Date: TBD** |
| | ) |
| | ) **Re: Docket No. 182** |

### DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS APPROVING SECOND AMENDMENT TO DEBTOR-IN-POSSESSION LOAN, SECURITY & GUARANTY AGREEMENT AND SCHEDULING A FINAL HEARING

Variant Holding Company, LLC, the above-captioned debtor and debtor in possession (the "Debtor" or "Variant"), submits this motion (this "Motion")[2] for entry of an interim order on an expedited basis (the "Interim Second Amendment Order") substantially in the form attached to the Second Amendment (as defined below), and following a final hearing to be set by the Court (the "Final Hearing"), entry of a final order substantially in the form attached to the Second Amendment (the "Final Second Amendment Order" and, with the Interim Second Amendment Order, the "Second Amendment Orders"), pursuant to sections 105, 361, 362, 363, 364 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") approving the Second Amendment to the Debtor-In-Possession Loan, Security and Guaranty Agreement dated as of May 29, 2015 (the "DIP

---

[1] The last four digits of the Debtor's federal tax identification number are (4044). The Debtor's service address is: Variant Holding Company, LLC, c/o Development Specialists, Inc., 333 S. Grand Ave, Suite 4070, Los Angeles, CA 90071-1544.
[2] Concurrently herewith, out of an abundance of caution, the Debtor is also filing a motion to shorten time as to the interim hearing on this Motion and requesting a hearing date at the same time as the Supplemental Motion (as defined below).

Loan Agreement", and together with any and all other related documents and agreements entered into in connection with or related to the DIP Loan, the "DIP Loan Documents") attached hereto to as **Exhibit 1** (the "Second Amendment") in connection with the *Final Order (A) Authorizing Debtor to Obtain Postpetition Financing and to Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Authorizing Debtor to Use Cash Collateral, (C) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (D) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* [Docket No. 182] (the "Final DIP Order").[3] As set forth below, the Debtor also seeks authority to, without further Court order, further amend the DIP Loan Documents to increase the total amount borrowed under the DIP Loan Agreement by up to an additional $2,100,000 above the amount contemplated by the Second Amendment, subject in all respects to the agreement of the Lender Parties (as defined below). In support of this Motion, the Debtor respectfully states as follows:

## Overview

1. The Debtor's existing debtor-in-possession financing facility (the "DIP Facility") with BPC VIII, L.P., Beach Point Total Return Master Fund, L.P., and Beach Point Distressed Master Fund, L.P., as lenders (together, "Beach Point"), and Cortland Capital Market Services LLC, as administrative agent for Beach Point (the "Administrative Agent", and together with Beach Point, the "Lender Parties"), was previously amended by that First Amendment to

---

[3] Capitalized terms used but not defined herein shall have the meanings set forth in the Final DIP Order or in the *Debtor's Motion for Entry of Interim and Final Orders (a) Authorizing Debtor to Obtain Postpetition Financing and to Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (b) Authorizing Debtor to Use Cash Collateral, (c) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (d) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363; and (e) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* [Docket No. 136] (the "DIP Motion"), as applicable.

Debtor-in-Possession Loan, Security and Guaranty Agreement dated as of March 5, 2015 (the "First Amendment"), which was approved by the Court on an interim basis by entry of an order dated March 11, 2015, and on a final basis by entry of an order dated March 31, 2015. Through the First Amendment, the amount of the loan available under the DIP Facility (the "DIP Loan") was increased from $10,000,000 to $10,750,000 in the aggregate.

2.  The proposed Second Amendment further increases the amount available under the DIP Loan to $11,774,038.92. Based on the Debtor's anticipated future cash needs, the Debtor may need to borrow another $2,100,000 above the amount contemplated by the Second Amendment. Such increases, subject to the prior written approval of the Lender Parties, would be implemented by additional amendments to the DIP Loan Agreement in form and substance similar to the Second Amendment (a "Permitted Amendment"). For the avoidance of doubt, if the Permitted Amendments are entered into by the Lender Parties and the debtor, the aggregate amount borrowed under the DIP Facility would be $13,874,038.92.

3.  By this Motion, the Debtor seeks, among other things:

(i)  pursuant to Bankruptcy Rule 4001, that an interim hearing (the "Interim Hearing") on this Motion be held before this Court to consider entry of this Interim Second Amendment Order, at the same time as the hearing on the Supplemental Motion; and

(ii)  the scheduling of the Final Hearing to be held within thirty (30) days following the filing of this Motion to consider entry of the Final Second Amendment Order granting the relief requested in this Motion on a final basis; and

(iii)  waiver of any applicable stay (including Rule 6004 of the Bankruptcy Rules) and the provision of immediate effectiveness of the Interim Second Amendment Order, and as later applicable, the Final Second Amendment Order.

## Jurisdiction

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (M). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief sought herein are sections 105, 361, 362, 363, 364 and 507 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-2.

## Background

6. On August 28, 2014 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the Chapter 11 Case. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or creditors' committee has been appointed in the Debtor's chapter 11 case.

7. The Debtor and its affiliates are a commercial real estate company with indirect ownership interests in various apartment complexes and other real property interests (the "Properties"). The Debtor is the ultimate parent within the organization. The Debtor's principal assets are its interests in subsidiaries which own and operate the Properties.

8. On May 15, 2015, the Debtor filed the *Debtor's Motion for Order: (I) Authorizing Debtor to Cause Its Non-Debtor Subsidiaries to Sell Their Assets Pursuant to the Reinstated and Amended Portfolio Purchase and Sale Agreement Relating to the Teas/East Coast Portfolio; and (II) Authorizing Debtor to Take All Necessary and Appropriate Actions in Connection With The Foregoing* [Docket No. 322] (the "Supplemental Motion"). Pursuant to the

Supplemental Motion, the Debtor seeks authority to cause its non-debtor subsidiaries to sell their Texas/East Coast Portfolio pursuant to the terms of a reinstated and amended sale agreement for the purchase price of $205,000,000 in the aggregate. The hearing on the Supplemental Motion is June 4, 2015, and a closing of the sale is anticipated before the end of June 2015.

9. The current outstanding amount of the DIP Loan is $8,280,994.99, inclusive of accrued interest. However, because the Debtor has already borrowed nearly $10,750,000 under the DIP Facility and is not entitled to re-borrow amounts that have been repaid, the Debtor requires authority to further increase the amount of the DIP Loan beyond $10,750,000.

### Need for Increase in DIP Financing[4]

10. The Debtor has an urgent need to enter into the Second Amendment and increase its DIP financing in order to ensure that the Debtor has sufficient funds to satisfy operating expenses at subsidiary levels pending consummation of the subsidiaries' pending proposed sale.

11. The Properties are currently operating at a cash loss of over $1,000,000 per month. In order to sustain operations and ordinary maintenance obligations at subsidiary levels, the Debtor requires additional capital under the DIP Facility.

12. Under Second Amendment, the amount of the DIP Loan would be increased to $11,774,038.92. The Debtor may, in the near future, need to borrow another $2,100,000 above the amount contemplated by the Second Amendment. The Debtor requests that, subject to approval by the Lender Parties, it be permitted to further amend the DIP Loan

---

[4] In lieu of any summary or disclosures of the terms or provisions set forth in the Interim Second Amendment Order or Final Second Amendment Order pursuant to the Bankruptcy Rule 4001 and Local Rule 4001-2, given that the relief requested in this Motion does not alter the Final DIP Order except for the limited changes provided in the prior First Amendment and the current proposed Second Amendment summarized herein, the Debtor incorporates by reference the summary and disclosures set forth in the DIP Motion.

Agreement through Permitted Amendments, without further Court order, to increase the Commitment by an additional $2,100,000 over what is provided for under the Second Amendment.

### Basis for Relief

A. **The Debtor Should Be Permitted to Increase the Amount of Postpetition Financing Pursuant to Section 364(c) of the Bankruptcy Code.**

13. Section 364(c) of the Bankruptcy Code requires a finding, made after notice and a hearing, that the debtor seeking postpetition financing on a secured basis cannot "obtain unsecured credit allowable under section, 503(b)(1) of [the Bankruptcy Code] as an administrative expense." 11 U.S.C. § 364(c). In addition, section 364(d)(1) of the Bankruptcy Code, which governs the incurrence of postpetition debt secured by "priming" liens, provides that the Court, after notice and a hearing, may:

> authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if --
>
> (A) the [debtor] is unable to obtain credit otherwise; and
>
> (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

11 U.S.C. § 364(d)(1).

14. In evaluating proposed postpetition financing under section 364(c) of the Bankruptcy Code, courts perform a qualitative analysis and generally consider similar factors, including whether:

    a. unencumbered credit or alternative financing without superpriority status is available to the debtor;

    b. the credit transactions are necessary to preserve assets of the estate;

      c.    the terms of the credit agreement are fair, reasonable, and adequate;

      d.    the proposed financing agreement was negotiated in good faith and at arm's-length and entry thereto is an exercise of sound and reasonable business judgment and in the best interest of the debtors' estate and its creditors; and

      e.    the proposed financing agreement adequately protects prepetition secured creditors.

*See, e.g., In re Aqua Assoc.*, 123 B.R. 192 (Bankr. E.D. Pa. 1991) (applying the first three factors in making a determination under section 364(c)); *In re Crouse Group, Inc.*, 71 B.R. 544 (Bankr. E.D. Pa. 1987) (same); *Bland v. Farmworker Creditors*, 308 B.R. 109, 113-14 (S.D. Ga. 2003) (applying all factors in making a determination under section 364(d)).

    15.    For the reasons discussed below, the Debtor satisfies the standards required to enter into the Second Amendment and any future Permitted Amendments, and to increase the amount of the DIP Facility under sections 364(c)(1), (2) and (3) of the Bankruptcy Code.

**B.**    <u>**The Debtor is Unable to Obtain an Increase in Financing on More Favorable Terms.**</u>

    16.    The Debtor is already highly leveraged under the existing DIP Facility and its subsidiaries face severe liquidity restraints. The Debtor was forced to file this chapter 11 case to preserve the value of its assets and effectuate a going concern sale process at subsidiary levels. The Debtor is not able to obtain alternative financing to increase the DIP Facility from outside parties and the current proposal is on the terms that were most beneficial to the estate. In addition, as a practical matter, the Debtor requires additional funding immediately in order to get to the closing of a pending sale of the subsidiaries' assets.

    17.    The Debtor respectfully submits that its efforts to obtain postpetition financing therefore satisfy the standard required under section 364(c) of the Bankruptcy Code. *See, e.g., In re Simasko Production Co.*, 47 B.R. 444, 448-49 (D. Colo. 1985) (authorizing

interim financing stipulation where debtor's best business judgment indicated financing was necessary and reasonable for benefit of estates); *In re Ames Dept. Stores*, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990) (with respect to postpetition credit, courts "permit debtors in possession to exercise their basic business judgment consistent with their fiduciary duties"); *In re Sky Valley, Inc.*, 100 B.R. 107, 113 (Bankr. N.D. Ga. 1988) (where few lenders can or will extend the necessary credit to a debtor, "it would be unrealistic and unnecessary to require [the debtor] to conduct such an exhaustive search for financing").

C. **The Proposed Increase in Financing is Necessary to Preserve the Assets of the Debtor's Estate.**

18. As debtor in possession, the Debtor has a fiduciary duty to protect and maximize its estate's assets. *See Burtch v. Ganz (In re Mushroom Transp. Co.)*, 382 F.3d 325, 339 (3d Cir. 2004).

19. Here, the Debtor requires an increase to the DIP Facility in order to provide the Debtor with the necessary funds to satisfy operating expenses at subsidiary levels pending the closing of a sale.

D. **The Terms of the Proposed Increase in Financing are Fair, Reasonable, and Appropriate.**

20. In considering whether the terms of postpetition financing are fair and reasonable, courts consider the terms in light of the relative circumstances of both the debtor and the potential lender. *In re Farmland Indus., Inc.*, 294 B.R. 855, 886 (Bankr. W.D. Mo. 2003); *see also Unsecured Creditors' Comm. Mobil Oil Corp. v. First Nat'l Bank & Trust Co. (In re Ellingsen MacLean Oil Co.)*, 65 B.R. 358, 365 (W.D. Mich. 1986) (a debtor may have to enter into hard bargains to acquire funds).

21. The terms of the Second Amendment were negotiated in good faith and at arm's-length between the Debtor and the Lenders. The proposed terms are fair, reasonable and

appropriate under the circumstances, and should be approved. *See, e.g., Bray v. Shenandoah Fed. Sav. and Loan Ass'n (In re Snowshoe Co.)*, 789 F.2d 1085, 1088 (4th Cir. 1986) (stating that section 364(d) of the Bankruptcy Code imposes no duty to seek credit from every possible lender, particularly when "time is of the essence to preserve a vulnerable seasonal enterprise"); *In re Western Pacific Airlines, Inc.*, 223 B.R. 567 (Bankr. D. Colo. 1997) (authorizing postpetition financing to preserve value of aircraft leaseholds where to hold otherwise would result in the elimination of their value and the "immediate collapse of the Debtor as a going concern").

E. **An Increase of the Proposed Financing Reflects the Debtor's Sound Business Judgment.**

22. A debtor's decision to enter into a postpetition lending facility under section 364 of the Bankruptcy Code is governed by the business judgment standard. *See, e.g., Trans World Airlines, Inc. v. Travelers Int'l AG (In re Trans World Airlines, Inc.)*, 163 B.R. 964, 974 (Bankr. D. Del. 1994) (approving postpetition credit facility because such facility "reflect[ed] sound and prudent business judgment"); *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990) (financing decisions under section 364 of the Bankruptcy Code must reflect a debtor's business judgment).

23. Bankruptcy courts routinely accept a debtor's business judgment on many business decisions, including the decision to borrow money. *See, e.g., Group of Inst. Investors v. Chicago, Mil., St. P. & Pac.*, 318 U.S. 523, 550 (1943) (holding that decisions regarding assumption or rejection of leases are left to the business judgment of the debtor); *In re Simasko Prod. Co.*, 47 B.R. 444, 449 (D. Colo. 1985) ("[b]usiness judgments should be left to the board room and not to this Court"). Further, one court has noted that "[m]ore exacting scrutiny [of the debtors' business decisions] would slow the administration of the

debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.,* 762 F.2d 1303, 1311 (5th Cir. 1985).

24. Bankruptcy courts generally will defer to a debtor in possession's business judgment regarding the need for and the proposed use of funds, unless such decision is arbitrary and capricious, *In re Curlew Valley Assocs.,* 14 B.R. 506, 511-13 (Bankr. D. Utah 1981); *see also Trans World Airlines, Inc.,* 163 B.R. at 974 (approving interim loan, receivables facility and asset-based facility based upon prudent business judgment of the debtor), and generally will not second-guess a debtor in possession's business decisions involving "a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code." *Curlew Valley,* 14 B.R. at 513-14 (footnotes omitted).

25. Here, the Debtor's sound business judgment clearly supports entering into the Second Amendment to increase the DIP Facility to $11,774,038.92, and potentially borrowing up to an additional $2,100,000 through future Permitted Amendments. Such increases will allow the Debtor to satisfy operating expenses at subsidiary levels and maintain value through the consummation of the pending sale transaction.

### Interim Second Amendment Order and Final Hearing

26. Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), the Debtor requests that the Court set a date for the Interim Hearing on the same date as the Supplemental Motion, and set a Final Hearing within thirty (30) days from the filing of this Motion.

27. The Debtor has an urgent need to increase the DIP Facility initially to $11,774,038.92 under the Second Amendment and, thereafter, by another $2,100,000 above the

amount contemplated by the Second Amendment, subject in all respects to the agreement of the Lender Parties. Such funding is absolutely necessary to maintain the Properties and ongoing operations there. Absent such funding, the Debtor's subsidiaries will not be able to satisfy their obligations to maintain going concern value pending the sale proposed by the Supplemental Motion.

28.     Accordingly, the Debtor respectfully requests that, pending the hearing on a Final Second Amendment Order, the Interim Second Amendment Order be approved in all respects and that the terms and provisions of the Interim Second Amendment Order be implemented and be deemed binding and that, after the Final Hearing, the Final Second Amendment Order be approved in all respects and the terms and provisions of the Final Second Amendment Order be implemented and be deemed binding.

### Notice of Motion

29.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) counsel to Beach Point; (c) counsel to the Administrative Agent; (d) the creditors holding the 20 largest unsecured claims and (e) parties who have requested notice of proceedings in this case pursuant to Bankruptcy Rule 2002. Because of the nature of the relief requested, the Debtor respectfully submits that no other or further notice of the relief requested in this Motion need be given.

### Notice with Respect to Final Hearing

30.     No trustee, examiner or statutory committee has been appointed in the Debtor's case. Pursuant to Bankruptcy Rule 4001, the Debtor respectfully requests that it be authorized to provide notice of the Final Hearing by serving a copy of this Motion, together with the Interim Second Amendment Order, by hand or overnight mail or courier service (or for those

set up to receive electronic transmissions, by electronic transmission), upon the parties referenced in the foregoing section above. The Debtor respectfully requests that such notice is sufficient and requests that this Court find that no further notice of the Final Hearing and Final Second Amendment Order is required.

## No Prior Request

31. Except as explained herein, no prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, based upon the foregoing, the Debtor requests entry of the Interim Second Amendment Order and the Final Second Amendment Order under sections 105, 361, 362, 363, and 507 of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 4001-2, (i) authorizing the Debtor to enter into the Second Amendment to increase the amount of financing under the terms of the DIP Loan; and (ii) scheduling the final hearing.

Dated: June 1, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Richard M. Pachulski (CA Bar No. 90073)
Maxim B. Litvak (CA Bar No. 215852)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: rpachulski@pszjlaw.com
mlitvak@pszjlaw.com
pkeane@pszjlaw.com

Counsel to the Debtor and Debtor in Possession