IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VARIANT HOLDING COMPANY, LLC,[1] | ) | Case No. 14-12021 (BLS) |
| | ) | |
| Debtor. | ) | **Re: Docket No. 322** |
| | ) | |

**SUPPLEMENTAL ORDER:  (I) AUTHORIZING DEBTOR TO CAUSE
ITS NON-DEBTOR SUBSIDIARIES TO SELL THEIR ASSETS
PURSUANT TO THE REINSTATED AND AMENDED PORTFOLIO PURCHASE AND
SALE AGREEMENT RELATING TO THE TEXAS/EAST COAST PORTFOLIO;
AND (II) AUTHORIZING DEBTOR TO TAKE ALL NECESSARY AND
APPROPRIATE ACTIONS IN CONNECTION WITH THE FOREGOING**

Upon consideration of the supplemental motion (the "Supplemental Motion")[2] of Variant

Holding Company, LLC (the "Debtor"), the debtor and debtor in possession in the above-

captioned chapter 11 case, for entry of an order pursuant to sections 105 and 363 of the

Bankruptcy Code authorizing the Debtor to cause: (i) its applicable non-debtor subsidiaries

(collectively, the "Sellers") to sell the Texas/East Coast Portfolio pursuant to the terms of the

Reinstated PSA, (ii) authorizing the Debtor to take all necessary and appropriate actions that it

determines are reasonably necessary in connection therewith; and (iii) granting related relief; and

this Court having jurisdiction to consider the Supplemental Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157(b)(2) and 1334; and consideration of the

Supplemental Motion, the relief requested therein, and the responses thereto being a core

proceeding in accordance with 28 U.S.C. § 157(b); and the appearance of all interested parties

---

[1]  The last four digits of the Debtor's federal tax identification number are (4044).  The Debtor's service address is:
Variant Holding Company, LLC, c/o Development Specialists, Inc., 333 S. Grand Ave, Suite 4070, Los Angeles,
CA 90071-1544.

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Supplemental
Motion.

and all responses and objections, if any, to the Supplemental Motion having been duly noted in the record of the hearing on the Supplemental Motion (the "Hearing"); and upon the record of the Hearing, and all other pleadings and proceedings in this case, including the Supplemental Motion; and it appearing that the relief requested in the Supplemental Motion is in the best interests of the Debtor, its estate, and creditors and all other parties in interest; and it further appearing that the relief requested in the Supplemental Motion is based upon good and sufficient business reasons; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:[3]

A.    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.    The Court has jurisdiction over this matter and over the property of the Debtor's estate, including the Debtor's indirect interests in the Sellers that own the Texas/East Coast Portfolio, to be transferred or conveyed under the Reinstated PSA, pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of this chapter 11 case and the Supplemental Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.    The statutory predicates for the relief sought in the Supplemental Motion and the basis for the approvals and authorizations herein are Bankruptcy Code §§ 105 and 363.

---

[3]  All findings of fact and conclusions of law announced by the Court at the Hearing in relation to the Supplemental Motion are hereby incorporated herein to the extent not inconsistent herewith.

1

E.     On August 28, 2014 (the "Petition Date"), the Debtor commenced its case by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner has been appointed in this chapter 11 case. The Debtor has continued in possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

F.     As evidenced by the affidavits of service filed with the Court, proper, timely, adequate, and sufficient notice of the Supplemental Motion, the Hearing, the Reinstated PSA and all transactions contemplated therein or in connection therewith, and all deadlines related thereto has been provided in accordance with the Bankruptcy Code, applicable Bankruptcy Rules, the local rules of this Court, and the procedural due process requirements of the United States Constitution. Such notice was good and sufficient and appropriate under the particular circumstances, and no other or further notice of the Supplemental Motion, the Hearing, the Reinstated PSA, the transactions contemplated thereby, or of the entry of this Order is necessary or shall be required. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to those parties entitled to notice pursuant to the Bankruptcy Code, the Bankruptcy Rules, and this Court's local rules.

G.     The Debtor has demonstrated a sufficient basis and compelling circumstances to cause the Sellers to enter into the Reinstated PSA and sell the Texas/East Coast Portfolio thereunder, and such action is an appropriate exercise of the Debtor's business judgment and in the best interests of the Debtor, its estate and its creditors. Such business reasons include, but are not limited to, the facts that (i) the Reinstated PSA will present the best opportunity for the Debtor's estate to realize the value of the Texas/East Coast Portfolio; (ii) there is substantial risk of deterioration of the value of Texas/East Coast Portfolio if the sale is

2

not consummated promptly; and (iii) the Reinstated PSA constitutes the highest and best offer for Texas/East Coast Portfolio.

H.    The Buyer is not an "insider" or "affiliate" of the Debtor as those terms are defined in the Bankruptcy Code.

I.    The Reinstated PSA was negotiated and entered into in good faith, based upon arm's length bargaining, and without collusion or fraud of any kind.  Neither the Debtor nor the Buyer has engaged in any conduct that would prevent the application of Bankruptcy Code § 363(m).  Accordingly, the Buyer is entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code.

J.    The Debtor is authorized, has full power and authority, and has taken all necessary actions to:  (i) cause the Sellers to execute the Reinstated PSA and all other documents contemplated thereby; (ii) cause the Sellers to consummate the transactions contemplated by the Reinstated PSA, and (iii) cause the Sellers to comply in all respects with the terms of the Reinstated PSA.  No consents or approvals, other than as may be expressly provided for in the Reinstated PSA, are required by the Debtor to cause the Sellers to consummate such transactions.  Specifically, the Court finds that the Debtor is the sole owner of the membership interests of Numeric Commercial Investments, LLC and The Oaks at Stonecrest Apartments, LLC and owns 94% of the membership interests of Laser Focus Holding Company, LLC, which together indirectly own 100% of the membership interests of the Sellers.  The Court further finds that the Debtor indirectly controls 100% of the membership interests of the Sellers.

K.    The Debtor has advanced sound business reasons for seeking to cause the Sellers to enter into the Reinstated PSA, and cause has been shown as to why this Order should not be subject to any stay.

3

L.    The Debtor causing the Sellers to sell the Texas/East Coast Portfolio outside of a plan of reorganization of the Debtor pursuant to the Reinstated PSA neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a plan for the Debtor.  The sale does not constitute a *sub rosa* chapter 11 plan.

NOW, THEREFORE, BASED UPON ALL OF THE FOREGOING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    The Supplemental Motion is GRANTED in its entirety.

2.    All objections and responses to the Supplemental Motion, to the extent not withdrawn, waived, or settled, are overruled and denied.

3.    Pursuant to sections 105 and 363(b) of the Bankruptcy Code, the Debtor is authorized to cause each of the Sellers to sell its respective assets relating to the Texas/East Coast Portfolio to the Buyer in accordance with the terms of the Reinstated PSA for the aggregate purchase price of $205,000,000.

4.    Pursuant to sections 105 and 363(b) of the Bankruptcy Code, the Debtor is authorized to take any and all reasonable and appropriate actions that it determines are reasonably necessary in connection with the Reinstated PSA without need for any further orders of this Court.

5.    The transactions contemplated by the Reinstated PSA are undertaken by the Buyer without collusion and in good faith, as that term is defined in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Reinstated PSA shall not affect the validity of the sales thereunder.  The Buyer is a good faith buyer within the meaning of section 363(m) of the

Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.

6.      Notice of the Supplemental Motion satisfies the requirements of Bankruptcy Rule 6004(a).

7.      Notwithstanding Bankruptcy Rule 6004(h) or any other applicable rule or guideline, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

Dated: June 5, 2015

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge

5