IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| VARIANT HOLDING COMPANY, LLC,[1] ) | Case No. 14-12021 (BLS) |
| ) | |
| Debtor. ) | **Objection Deadline: TBD** |
| ) | **Hearing Date: TBD** |
| ) | |
| ) | **Re: Docket No. 182** |

## DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS APPROVING FOURTH AMENDMENT TO DEBTOR-IN-POSSESSION LOAN, SECURITY & GUARANTY AGREEMENT AND SCHEDULING A FINAL HEARING

Variant Holding Company, LLC, the above-captioned debtor and debtor in possession (the "Debtor" or "Variant"), submits this motion (this "Motion")[2] for entry of an interim order on an expedited basis (the "Interim Fourth Amendment Order") substantially in the form attached to the Fourth Amendment (as defined below), and following a final hearing to be set by the Court (the "Final Hearing"), entry of a final order substantially in the form attached to the Fourth Amendment (the "Final Fourth Amendment Order" and, with the Interim Fourth Amendment Order, the "Fourth Amendment Orders"), pursuant to sections 105, 361, 362, 363, 364 and 507 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 4001-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") approving the Fourth Amendment to the Debtor-In-Possession Loan, Security and Guaranty Agreement dated as of August 28, 2015 (the "DIP Loan Agreement", and together

---

[1] The last four digits of the Debtor's federal tax identification number are (4044). The Debtor's service address is: Variant Holding Company, LLC, c/o Development Specialists, Inc., 333 S. Grand Ave, Suite 4070, Los Angeles, CA 90071-1544.

[2] Concurrently herewith, out of an abundance of caution, the Debtor is also filing a motion to shorten time as to the interim hearing on this Motion.

with any and all other related documents and agreements entered into in connection with or related to the DIP Loan, the "DIP Loan Documents") attached hereto to as **Exhibit 1** (the "Fourth Amendment")[3] in connection with the *Final Order (A) Authorizing Debtor to Obtain Postpetition Financing and to Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Authorizing Debtor to Use Cash Collateral, (C) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (D) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363; and (E) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* [Docket No. 182] (the "Final DIP Order").[4] As set forth below, the Debtor seeks authority, pursuant to the Interim Fourth Amendment Order, to increase the total amount borrowed under the DIP Loan Agreement by an additional $1,070,568.89, primarily in order to satisfy urgent property level expenses at subsidiary levels. Pursuant to the Final Fourth Amendment Order, the Debtor seeks to increase the total amount borrowed under the DIP Loan Agreement by another $5,629,431.11, $4,669,715 of which shall be used to fund fees incurred by estate professionals in this case through July 31, 2015, and $959,716.11 of which shall be primarily used as an advance for fees incurred by estate professionals in this case in the month of August 2015, in accordance with the terms of the Professional Fee Letter Agreement (as defined in the Fourth Amendment).[5] Further, pursuant to the Final Fourth

---

[3] In the event of any inconsistency between the Fourth Amendment or the Professional Fee Letter Agreement (as defined in the Fourth Amendment), on the one hand, and this Motion, on the other hand, the Fourth Amendment or Professional Fee Letter Agreement shall control, as applicable.

[4] Capitalized terms used but not defined herein shall have the meanings set forth in the Final DIP Order or in the *Debtor's Motion for Entry of Interim and Final Orders (a) Authorizing Debtor to Obtain Postpetition Financing and to Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (b) Authorizing Debtor to Use Cash Collateral, (c) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (d) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363; and (e) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* [Docket No. 136] (the "DIP Motion"), as applicable.

[5] All fees of estate professionals will remain subject to approval by this Court. No payments will be made by the Debtor to estate professionals pending order of this Court.

Amendment Order, the Debtor seeks authority to, without further Court order, amend the DIP Loan Documents to increase the total amount borrowed under the DIP Loan Agreement by up to an additional $4,000,000 above the amount contemplated by the Fourth Amendment, subject in all respects to the agreement of the Lender Parties (as defined below). In support of this Motion, the Debtor respectfully states as follows:

## Overview

1. The Debtor's existing debtor-in-possession financing facility (the "DIP Facility") with BPC VIII, L.P., Beach Point Total Return Master Fund, L.P., and Beach Point Distressed Master Fund, L.P., as lenders (together, "Beach Point"), and Cortland Capital Market Services LLC, as administrative agent for Beach Point (the "Administrative Agent", and together with Beach Point, the "Lender Parties"), was previously amended as follows:

    a.    by that First Amendment to Debtor-in-Possession Loan, Security and Guaranty Agreement dated as of March 5, 2015 (the "First Amendment"), which was approved by the Court on an interim basis by entry of an order dated March 11, 2015, and on a final basis by entry of an order dated March 31, 2015. Through the First Amendment, the amount of the loan available under the DIP Facility (the "DIP Loan") was increased from $10,000,000 to $10,750,000 in the aggregate.

    b.    by that Second Amendment to Debtor-in-Possession Loan, Security and Guaranty Agreement dated as of May 29, 2015 (the "Second Amendment"), which was approved by the Court on an interim basis by entry of an order dated June 5, 2015, and on a final basis by entry of an order dated June 23, 2015. Through the Second Amendment, the amount of the loan available under the DIP Facility (the "DIP Loan") was increased from $10,750,000 to $11,774,038.92, subject an additional amount of $2,100,000 per the Permitted Amendment such that the aggregate amount borrowed under the DIP Facility would be $13,874.038.92.

    c.    by that Third Amendment to Debtor-in-Possession Loan, Security and Guaranty Agreement dated as of June 29, 2015 (the "Third Amendment"), which increased the DIP Loan by

        $2,100,000, as previously contemplated by the foregoing order approving the Second Amendment.

  2. The proposed Fourth Amendment further increases the amount available under the DIP Loan to $20,574,038.92, $13,874,038.92 of which has already been funded and cannot be re-borrowed. Pursuant to the Interim Fourth Amendment Order, the Debtor seeks to increase the total amount borrowed under the DIP Loan Agreement by an additional $1,070,568.89, primarily in order to satisfy urgent property level expenses at subsidiary levels. Pursuant to the Final Fourth Amendment Order, the Debtor seeks to increase the total amount borrowed under the DIP Loan Agreement by another $5,629,431.11, $4,669,715 of which shall be used to fund fees incurred by estate professionals in this case through July 31, 2015, and $959,716.11 of which shall be primarily used to as an advance for fees incurred by estate professionals in this case in the month of August, 2015, in accordance with the terms of the Professional Fee Letter Agreement. Further, pursuant to the Final Fourth Amendment Order, the Debtor seeks authority to, without further Court order, amend the DIP Loan Documents to increase the total amount borrowed under the DIP Loan Agreement by up to an additional $4,000,000 above the amount contemplated by the Fourth Amendment, subject in all respects to the agreement of the Lender Parties.

  3. The Professional Fee Letter Agreement contains an agreement by the Debtor's professionals to accept a discount of 25% on their allowed fees and expenses in this case, until such time that Beach Point is paid in full. In turn, Beach Point is agreeing under the Professional Fee Letter Agreement to release $1,250,000 from amounts already received by the Debtor from prior asset sales, and to fund an additional $4,669,715 for professional fees incurred through July 31, 2015. Beach Point is also agreeing, pursuant to the terms of the Professional Fee Letter Agreement, to fund monthly advances for professionals for the months of August

through November 2015, up to an aggregate amount up to $1,812,500. If an Event of Default occurs under the DIP Loan Agreement in the interim, except for any Event of Default resulting from any failure by Courtland Gettel or any Affiliate thereof to provide reporting or financial information under any contract or agreement, then upon notice, Beach Point shall have no further obligation to fund the monthly advances for professionals beyond the lesser of (a) $100,000 or (b) the amount set forth in the Professional Fee Letter Agreement for the month following the Event of Default.

4. By this Motion, the Debtor seeks, among other things:

(i) pursuant to Bankruptcy Rule 4001, that an interim hearing (the "<u>Interim Hearing</u>") on this Motion be held before this Court to consider entry of this Interim Fourth Amendment Order; and

(ii) the scheduling of the Final Hearing to be held within thirty (30) days following the filing of this Motion to consider entry of the Final Fourth Amendment Order granting the relief requested in this Motion on a final basis; and

(iii) waiver of any applicable stay (including Rule 6004 of the Bankruptcy Rules) and the provision of immediate effectiveness of the Interim Fourth Amendment Order, and as later applicable, the Final Fourth Amendment Order.

### **Jurisdiction**

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (M). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory predicates for the relief sought herein are sections 105, 361, 362, 363, 364 and 507 of the Bankruptcy Code, Bankruptcy Rule 4001, and Local Rule 4001-2.

## Background

7. On August 28, 2014 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing the Chapter 11 Case. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or creditors' committee has been appointed in the Debtor's chapter 11 case.

8. The Debtor and its affiliates are a commercial real estate company with indirect ownership interests in various apartment complexes and other real property interests (the "Properties"). The Debtor is the ultimate parent within the organization. The Debtor's principal assets are its interests in subsidiaries which own and operate the Properties.

9. The outstanding amount of the DIP Loan is $10,752,802.83, inclusive of accrued interest through September 1, 2015. However, because the Debtor has already borrowed $13,874.038.92 under the DIP Facility and is not entitled to re-borrow amounts that have been repaid, the Debtor requires authority to further increase the amount of the DIP Loan beyond this amount.

## Need for Increase in DIP Financing[6]

10. The Debtor has an urgent need to enter into the Fourth Amendment and increase its DIP financing in order to ensure that the Debtor has sufficient funds to satisfy operating expenses at subsidiary levels. The Debtor also needs to increase the total amount of the DIP Loan in order to fund accrued and accruing fees of estate professionals in this case.

---

[6] In lieu of any summary or disclosures of the terms or provisions set forth in the Interim Fourth Amendment Order or Final Fourth Amendment Order pursuant to the Bankruptcy Rule 4001 and Local Rule 4001-2, given that the relief requested in this Motion does not alter the Final DIP Order except for the limited changes provided in the prior Second Amendment and the current proposed Fourth Amendment summarized herein, the Debtor incorporates by reference the summary and disclosures set forth in the DIP Motion.

11. The Properties are currently operating at a cash loss of over $1,000,000 per month. In order to sustain operations and ordinary maintenance obligations at subsidiary levels, the Debtor requires additional capital under the DIP Facility.

12. Under Fourth Amendment, the amount of the DIP Loan would be increased to $20,574,038.92. Pursuant to the Interim Fourth Amendment Order, the Debtor seeks to increase the total amount borrowed under the DIP Loan Agreement by an additional $1,070,568.89. Pursuant to the Final Fourth Amendment Order, the Debtor seeks to increase the total amount borrowed under the DIP Loan Agreement by another $5,629,431.11, $4,669,715 of which shall be used to fund fees incurred by estate professionals in this case through July 31, 2015, and $959,716.11 of which shall be primarily used to as an advance for fees incurred by estate professionals in this case in the month of August, 2015, in accordance with the terms of the Professional Fee Letter Agreement.

13. Further, pursuant to the Final Fourth Amendment Order, the Debtor seeks authority to, without further Court order, amend the DIP Loan Documents to increase the total amount borrowed under the DIP Loan Agreement by up to an additional $4,000,000 above the amount contemplated by the Fourth Amendment, subject in all respects to the agreement of the Lender Parties.

## Basis for Relief

**A.    The Debtor Should Be Permitted to Increase the Amount of Postpetition Financing Pursuant to Section 364(c) of the Bankruptcy Code.**

14. Section 364(c) of the Bankruptcy Code requires a finding, made after notice and a hearing, that the debtor seeking postpetition financing on a secured basis cannot "obtain unsecured credit allowable under section, 503(b)(l) of [the Bankruptcy Code] as an administrative expense." 11 U.S.C. § 364(c). In addition, section 364(d)(1) of the Bankruptcy

Code, which governs the incurrence of postpetition debt secured by "priming" liens, provides that the Court, after notice and a hearing, may:

> authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if --
>
> (A)  the [debtor] is unable to obtain credit otherwise; and
>
> (B)  there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

11 U.S.C. § 364(d)(1).

15.  In evaluating proposed postpetition financing under section 364(c) of the Bankruptcy Code, courts perform a qualitative analysis and generally consider similar factors, including whether:

a.  unencumbered credit or alternative financing without superpriority status is available to the debtor;

b.  the credit transactions are necessary to preserve assets of the estate;

c.  the terms of the credit agreement are fair, reasonable, and adequate;

d.  the proposed financing agreement was negotiated in good faith and at arm's-length and entry thereto is an exercise of sound and reasonable business judgment and in the best interest of the debtors' estate and its creditors; and

e.  the proposed financing agreement adequately protects prepetition secured creditors.

*See, e.g., In re Aqua Assoc.*, 123 B.R. 192 (Bankr. E.D. Pa. 1991) (applying the first three factors in making a determination under section 364(c)); *In re Crouse Group, Inc.*, 71 B.R. 544 (Bankr. E.D. Pa. 1987) (same); *Bland v. Farmworker Creditors*, 308 B.R. 109, 113-14 (S.D. Ga. 2003) (applying all factors in making a determination under section 364(d)).

16. For the reasons discussed below, the Debtor satisfies the standards required to enter into the Fourth Amendment and any future Permitted Amendments, and to increase the amount of the DIP Facility under sections 364(c)(1), (2) and (3) of the Bankruptcy Code.

**B.      The Debtor is Unable to Obtain an Increase in Financing on More Favorable Terms.**

17. The Debtor is already highly leveraged under the existing DIP Facility and its subsidiaries face severe liquidity restraints. The Debtor was forced to file this chapter 11 case to preserve the value of its assets and effectuate a going concern sale process at subsidiary levels. The Debtor is not able to obtain alternative financing to increase the DIP Facility from outside parties and the current proposal is on the terms that were most beneficial to the estate. In addition, as a practical matter, the Debtor requires additional funding immediately to satisfy operating expenses at subsidiary levels and, pursuant to the Final Fourth Amendment Order, to fund accrued and accruing fees of estate professionals in this case.

18. The Debtor respectfully submits that its efforts to obtain postpetition financing therefore satisfy the standard required under section 364(c) of the Bankruptcy Code. *See, e.g., In re Simasko Production Co.*, 47 B.R. 444, 448-49 (D. Colo. 1985) (authorizing interim financing stipulation where debtor's best business judgment indicated financing was necessary and reasonable for benefit of estates); *In re Ames Dept. Stores*, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990) (with respect to postpetition credit, courts "permit debtors in possession to exercise their basic business judgment consistent with their fiduciary duties"); *In re Sky Valley, Inc.*, 100 B.R. 107, 113 (Bankr. N.D. Ga. 1988) (where few lenders can or will extend the necessary credit to a debtor, "it would be unrealistic and unnecessary to require [the debtor] to conduct such an exhaustive search for financing").

C.   **The Proposed Increase in Financing is Necessary to Preserve the Assets of the Debtor's Estate.**

19.   As debtor in possession, the Debtor has a fiduciary duty to protect and maximize its estate's assets. *See Burtch v. Ganz (In re Mushroom Transp. Co.)*, 382 F.3d 325, 339 (3d Cir. 2004).

20.   Here, the Debtor requires an increase to the DIP Facility in order to provide the Debtor with the necessary funds to satisfy operating expenses at subsidiary levels.

D.   **The Terms of the Proposed Increase in Financing are Fair, Reasonable, and Appropriate.**

21.   In considering whether the terms of postpetition financing are fair and reasonable, courts consider the terms in light of the relative circumstances of both the debtor and the potential lender. *In re Farmland Indus., Inc.*, 294 B.R. 855, 886 (Bankr. W.D. Mo. 2003); *see also Unsecured Creditors' Comm. Mobil Oil Corp. v. First Nat'l Bank & Trust Co. (In re Ellingsen MacLean Oil Co.)*, 65 B.R. 358, 365 (W.D. Mich. 1986) (a debtor may have to enter into hard bargains to acquire funds).

22.   The terms of the Fourth Amendment were negotiated in good faith and at arm's-length between the Debtor and the Lenders. The proposed terms are fair, reasonable and appropriate under the circumstances, and should be approved. *See, e.g., Bray v. Shenandoah Fed. Sav. and Loan Ass'n (In re Snowshoe Co.)*, 789 F.2d 1085, 1088 (4th Cir. 1986) (stating that section 364(d) of the Bankruptcy Code imposes no duty to seek credit from every possible lender, particularly when "time is of the essence to preserve a vulnerable seasonal enterprise"); *In re Western Pacific Airlines, Inc.*, 223 B.R. 567 (Bankr. D. Colo. 1997) (authorizing postpetition financing to preserve value of aircraft leaseholds where to hold otherwise would result in the elimination of their value and the "immediate collapse of the Debtor as a going concern").

E.  **An Increase of the Proposed Financing Reflects the Debtor's Sound Business Judgment.**

23. A debtor's decision to enter into a postpetition lending facility under section 364 of the Bankruptcy Code is governed by the business judgment standard. *See, e.g., Trans World Airlines, Inc. v. Travelers Int'l AG (In re Trans World Airlines, Inc.)*, 163 B.R. 964, 974 (Bankr. D. Del. 1994) (approving postpetition credit facility because such facility "reflect[ed] sound and prudent business judgment"); *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 38 (Bankr. S.D.N.Y. 1990) (financing decisions under section 364 of the Bankruptcy Code must reflect a debtor's business judgment).

24. Bankruptcy courts routinely accept a debtor's business judgment on many business decisions, including the decision to borrow money. *See, e.g., Group of Inst. Investors v. Chicago, Mil., St. P. & Pac.*, 318 U.S. 523, 550 (1943) (holding that decisions regarding assumption or rejection of leases are left to the business judgment of the debtor); *In re Simasko Prod. Co.*, 47 B.R. 444, 449 (D. Colo. 1985) ("[b]usiness judgments should be left to the board room and not to this Court"). Further, one court has noted that "[m]ore exacting scrutiny [of the debtors' business decisions] would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially." *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985).

25. Bankruptcy courts generally will defer to a debtor in possession's business judgment regarding the need for and the proposed use of funds, unless such decision is arbitrary and capricious, *In re Curlew Valley Assocs.*, 14 B.R. 506, 511-13 (Bankr. D. Utah 1981); *see also Trans World Airlines, Inc.*, 163 B.R. at 974 (approving interim loan, receivables facility and asset-based facility based upon prudent business judgment of the debtor), and generally will

not second-guess a debtor in possession's business decisions involving "a business judgment made in good faith, upon a reasonable basis, and within the scope of his authority under the Code." *Curlew Valley,* 14 B.R. at 513-14 (footnotes omitted).

26. Here, the Debtor's sound business judgment clearly supports entering into the Fourth Amendment to increase the DIP Facility to $20,687,311.16. Pursuant to the Interim Fourth Amendment Order, the Debtor seeks to increase the total amount borrowed under the DIP Loan Agreement by an additional $1,070,568.89, primarily in order to satisfy urgent property level expenses at subsidiary levels. Pursuant to the Final Fourth Amendment Order, the Debtor seeks to increase the total amount borrowed under the DIP Loan Agreement by another $5,629,431.11 in order to fund fees incurred by estate professionals in this case through July 31, 2015, and $959,716.11 primarily to cover an advance for fees incurred by estate professionals in this case in the month of August, 2015, in accordance with the terms of the Professional Fee Letter Agreement.

27. Further, pursuant to the Final Fourth Amendment Order, the Debtor seeks authority to, without further Court order, amend the DIP Loan Documents to increase the total amount borrowed under the DIP Loan Agreement by up to an additional $4,000,000 above the amount contemplated by the Fourth Amendment, subject in all respects to the agreement of the Lender Parties. Such further amendments of the DIP Loan Agreement may be necessary to fund any advances for the Debtor's professional fees and expenses contemplated under the Professional Fee Letter Agreement, or to further fund operating costs and expenses of the Properties. Such increases will allow the Debtor to satisfy operating expenses at subsidiary levels and accrued and accruing fees of estate professionals in this case.

### Interim Fourth Amendment Order and Final Hearing

28. Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), the Debtor requests that the Court set a date for the Interim Hearing, and set a Final Hearing within thirty (30) days from the filing of this Motion.

29. The Debtor has an urgent need to increase the DIP Facility initially to $1,070,568.89 under the Fourth Amendment. Such funding is absolutely necessary to maintain the Properties and ongoing operations there. Absent such funding, the Debtor's subsidiaries will not be able to satisfy their obligations to maintain going concern value.

30. Accordingly, the Debtor respectfully requests that, pending the hearing on a Final Fourth Amendment Order, the Interim Fourth Amendment Order be approved in all respects and that the terms and provisions of the Interim Fourth Amendment Order be implemented and be deemed binding and that, after the Final Hearing, the Final Fourth Amendment Order be approved in all respects and the terms and provisions of the Final Fourth Amendment Order be implemented and be deemed binding.

### Notice of Motion

31. Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) counsel to Beach Point; (c) counsel to the Administrative Agent; (d) the creditors holding the twenty largest unsecured claims and (e) parties who have requested notice of proceedings in this case pursuant to Bankruptcy Rule 2002. Because of the nature of the relief requested, the Debtor respectfully submits that no other or further notice of the relief requested in this Motion need be given.

### Notice with Respect to Final Hearing

32. No trustee, examiner or statutory committee has been appointed in the Debtor's case. Pursuant to Bankruptcy Rule 4001, the Debtor respectfully requests that it be authorized to provide notice of the Final Hearing by serving a copy of this Motion, together with the Interim Fourth Amendment Order, by hand or overnight mail or courier service (or for those set up to receive electronic transmissions, by electronic transmission), upon the parties referenced in the foregoing section above. The Debtor respectfully requests that such notice is sufficient and requests that this Court find that no further notice of the Final Hearing and Final Fourth Amendment Order is required.

### No Prior Request

33. Except as explained herein, no prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, based upon the foregoing, the Debtor requests entry of the Interim Fourth Amendment Order and the Final Fourth Amendment Order under sections 105, 361, 362, 363, and 507 of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 4001-2, (i) authorizing the Debtor to enter into the Fourth Amendment to increase the amount of financing under the terms of the DIP Loan; and (ii) scheduling the final hearing.

Dated:  August 28, 2015                                        PACHULSKI STANG ZIEHL & JONES LLP

/s/ Peter J. Keane
Richard M. Pachulski (CA Bar No. 90073)
Maxim B. Litvak (CA Bar No. 215852)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  rpachulski@pszjlaw.com
            mlitvak@pszjlaw.com
            pkeane@pszjlaw.com

Counsel to the Debtor and Debtor in Possession