# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
|  | ) |
| VARIANT HOLDING COMPANY, LLC, | ) Cas[e] No. 14-12021-BLS |
|  | ) |
| Debtor. | ) |
|  | ) |

## INTERIM ORDER APPROVING FOURTH AMENDMENT TO DEBTOR-IN-POSSESSION LOAN, SECURITY AND GUARANTY AGREEMENT AND SCHEDULING A FINAL HEARING

Upon the motion of Variant Holding Company, LLC (the "Debtor") dated August 28, 2015 (the "Motion")[1] for entry of an order, pursuant to §§ 105, 363, 364(c) and (d), 503(b) and 507 of the Bankruptcy Code, and Rules 2002, 4001(b), (c) and (d) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) approving the Fourth Amendment to the Debtor-In-Possession Loan, Security and Guaranty Agreement (the "Fourth Amendment"), dated as of August 28, 2015, by and among the Debtor, as borrower, Laser Focus Holding Company, LLC, Laser Focus Commercial Investments, LLC, Houston 14 Apartments, LLC, Houston 2 Apartments, LLC, Numeric Commercial Investments, LLC, and Royal Numeric FX Investments, LLC (collectively, the "Guarantors"), BPC VHI, L.P., a Cayman Islands limited partnership, Beach Point Total Return Master Fund, L.P., a Cayman Islands limited partnership, Beach Point Distressed Master Fund, L.P., a Cayman Islands limited partnership, as lenders (collectively, the "Lenders"), and Cortland Capital Market Services LLC, a Delaware limited liability company, as administrative agent (the "Administrative Agent"); and (ii) requesting pursuant to Bankruptcy Rule 4001 that a final hearing (the "Final Hearing") on the Motion be

---

[1] Capitalized terms not otherwise defined herein shall have the meanings afforded to them in the Motion.

held on or before September __, 2015 to consider entry of a final order approving the Fourth

Amendment; the Court hereby finds, based on the record presented to this Court, that:

       (a)    Under the circumstances, the notice given by the Debtor of the Motion, the

relief requested therein, and the final hearing for such Motion constitutes appropriate, due, and

sufficient notice thereof and complies with Bankruptcy Rule 4001(b) and (c) and the Local

Rules;

       (b)    Good cause has been shown for the entry of this Interim Fourth

Amendment Order;

       (c)    The Debtor is unable to obtain sufficient financing on more favorable

terms from sources other than the DIP Lenders under the DIP Loan Documents, as amended by

the Fourth Amendment.  The Debtor is unable to obtain adequate unsecured credit allowable

under section 502(b)(1) of the Bankruptcy Code as an administrative expense.  The Debtor is

also unable to obtain secured credit allowable under sections 364(c)(1), 364(c)(2) and 364(c)(3)

of the Bankruptcy Code without the Debtor granting to the DIP Lenders the liens and protections

afforded to them under the Final DIP Order (defined below).  The Debtor requires the additional

financing provided under the Fourth Amendment pursuant to the terms therein and under this

Interim Fourth Amendment Order to satisfy its postpetition liquidity needs; and

       (d)    All of the Debtor's obligations and indebtedness arising under, in respect

of, or in connection with the DIP Loan and the DIP Loan Documents, as amended by the Fourth

Amendment, and the rights granted in this Interim Fourth Amendment Order, are being extended

or received, as appropriate, by the DIP Lenders and their affiliates (and the successors and

assigns of each of the foregoing) in good faith, as that term is used in section 364(e) of the

Bankruptcy Code, and in express reliance upon the protections offered by section 364(e) of the

Bankruptcy Code, and shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Interim Fourth Amendment Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is granted, on an interim basis, in accordance with the terms of this Interim Fourth Amendment Order.  Any objection to the Motion with respect to the entry of this Interim Fourth Amendment Order that has not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied or overruled.

2.      The Debtor is immediately authorized to enter into the Fourth Amendment, and to consummate any and all transactions contemplated thereby, and the Fourth Amendment and transactions contemplated thereunder are approved in their entirety.

3.      The Debtor is expressly authorized to obtain an extension of its postpetition financing, on the terms and subject to the conditions set forth in the Fourth Amendment, the DIP Loan Documents, the Final DIP Order, the Final Amendment Order, the Final Second Amendment Order, and this Interim Fourth Amendment Order, in the aggregate amount of $14,944,607.81.

4.      The rights and remedies of the Lenders and the Administrative Agent in respect of the obligations of the Debtor under the DIP Loan Agreement, granted and approved under the *Final Order (a) Authorizing Debtor to Obtain Postpetition Financing and to Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (b) Authorizing Debtor to Use Cash Collateral; (C) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (d) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363* [D.I. 182] (the "Final DIP Order") are hereby reaffirmed and shall

continue in full force and effect with respect to the DIP Loan Agreement, as amended by the First Amendment, Second Amendment, Third Amendment, and the Fourth Amendment. To the extent the Final DIP Order relies upon the definition of any term as used in the DIP Loan Agreement, the Final DIP Order shall be deemed modified to the extent the definition of such term is modified by the Fourth Amendment.

6.      This Interim Fourth Amendment Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable *nunc pro tunc* to the Petition Date immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Interim Fourth Amendment Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Interim Fourth Amendment Order.

7.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Fourth Amendment Order.

8.      The Final Hearing is scheduled for [ Sept 21 ], 2015 at [ 11 a].m  (prevailing Eastern Time) before this Court. The Debtor shall promptly mail copies of this Interim Fourth Amendment Order (which shall constitute adequate notice of the Final Hearing) to the parties having been given notice of the Interim Hearing, and to any other party that has filed a request for notices with this Court and to any Committee and its counsel, if the same has been appointed. Any party in interest objecting to the relief sought at the Final Hearing shall submit any such objection in writing and file the same with the Court (with a courtesy copy to the Court's chambers) and serve (so as to be received) such objection no later than [ Sept 16 ], 2015 at [ 12:00 noon ].m. (prevailing Eastern Time) upon: (a) the Debtor, c/o

Development Specialists, Inc., 333 South Grand Avenue, Suite 4070, Los Angeles, CA 90071, Attn: Bradley D. Sharp, (b) counsel for the Debtor, (i) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn: Peter J. Keane, and (b) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica, Blvd., 13th Floor, Los Angeles, CA 90067, Attn: Richard M. Pachulski & Maxim B. Litvak; (c) counsel to any Committee; (d) counsel for the Beach Point Funds, O'Melveny & Myers, LLP, 1999 Avenue of the Stars, Los Angeles, CA 90067, Attn: Suzzanne S. Uhland & Michael S. Neumeister, (f) counsel for the Administrative Agent, Holland & Knight LLP, 31 West 52nd Street, New York, NY 10019, Attn: Barbra R. Parlin & Joshua M. Spencer, and (g) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: Mark S. Kenney.

Dated: [ Sept 4 ], 2015
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE