IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | ) Chapter 11 |
|  | ) |
| VARIANT HOLDING COMPANY, LLC, | ) Case No. 14-12021-BLS |
|  | ) |
| Debtor. | ) |
|  | ) |

### FINAL ORDER APPROVING FOURTH AMENDMENT AND PERMITTED AMENDMENTS TO DEBTOR-IN-POSSESSION LOAN, SECURITY AND GUARANTY AGREEMENT

Upon the motion of Variant Holding Company, LLC (the "Debtor") dated August 28, 2015 (the "Motion")[1] for entry of an order, pursuant to §§ 105, 363, 364(c) and (d), 503(b) and 507 of the Bankruptcy Code, and Rules 2002, 4001(b), (c) and (d) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Fourth Amendment to the Debtor-In-Possession Loan, Security and Guaranty Agreement (the "Fourth Amendment"), dated as of August 28, 2015, by and among the Debtor, as borrower, Laser Focus Holding Company, LLC, Laser Focus Commercial Investments, LLC, Houston 14 Apartments, LLC, Houston 2 Apartments, LLC, Numeric Commercial Investments, LLC, and Royal Numeric FX Investments, LLC (collectively, the "Guarantors"), BPC VHI, L.P., a Cayman Islands limited partnership, Beach Point Total Return Master Fund, L.P., a Cayman Islands limited partnership, Beach Point Distressed Master Fund, L.P., a Cayman Islands limited partnership, as lenders (collectively, the "Lenders"), and Cortland Capital Market Services LLC, a Delaware limited liability company, as administrative agent (the "Administrative Agent"); the Court having entered an order approving the Motion on an interim basis; the Court hereby finds, based on the record presented to this Court, that:

(a)      Under the circumstances, the notice given by the Debtor of the Motion, the relief requested therein, and the final hearing for such Motion constitutes appropriate, due, and sufficient notice thereof and complies with Bankruptcy Rule 4001(b) and (c) and the Local Rules;

(b)      Good cause has been shown for the entry of this Final Fourth Amendment Order;

(c)      The Debtor is unable to obtain sufficient financing on more favorable terms from sources other than the DIP Lenders under the DIP Loan Documents, as amended by the Fourth Amendment.  The Debtor is unable to obtain adequate unsecured credit allowable under section 502(b)(1) of the Bankruptcy Code as an administrative expense.  The Debtor is also unable to obtain secured credit allowable under sections 364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy Code without the Debtor granting to the DIP Lenders the liens and protections afforded to them under the Final DIP Order (defined below).  The Debtor requires the additional financing provided under the Fourth Amendment pursuant to the terms therein, any Permitted Amendment (defined below), and under this Final Fourth Amendment Order to satisfy its postpetition liquidity needs; and

(d)      All of the Debtor's obligations and indebtedness arising under, in respect of, or in connection with the DIP Loan and the DIP Loan Documents, as amended by the Fourth Amendment and as may be amended by any Permitted Amendment, and the rights granted in this Final Fourth Amendment Order, are being extended or received, as appropriate, by the DIP Lenders and their affiliates (and the successors and assigns of each of the foregoing) in good faith, as that term is used in section 364(e) of the Bankruptcy Code, and in express reliance upon

---

[1] Capitalized terms not otherwise defined herein shall have the meanings afforded to them in the Motion.

the protections offered by section 364(e) of the Bankruptcy Code, and shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Final Fourth Amendment Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is granted, on a final basis, in accordance with the terms of this Final Fourth Amendment Order.  Any objection to the Motion with respect to the entry of this Final Fourth Amendment Order that has not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied or overruled.

2.    The Debtor is immediately authorized to enter into the Fourth Amendment, and to consummate any and all transactions contemplated thereby, and the Fourth Amendment and transactions contemplated thereunder are approved in their entirety.

3.    The Debtor is expressly authorized to obtain an extension of its postpetition financing, on the terms and subject to the conditions set forth in the Fourth Amendment, the DIP Loan Documents, the Final DIP Order, the Final Amendment Order, the Final Second Amendment Order, and this Final Fourth Amendment Order, in the aggregate amount of $20,574,038.92.

4.    Notwithstanding anything to the contrary in the Final DIP Order, the Debtor is expressly authorized, without further notice or Order of this Court, to enter into and further implement amendments or modifications to the DIP Loan Documents that may increase the Commitment (as defined in the DIP Loan Agreement) in incremental amounts not exceeding $4,000,000, and up to $24,574,038.92 in the aggregate (each a "Permitted Amendment"). Neither the Debtor, nor the Lenders, nor the Administrative Agent are under any obligation or

commitment to enter into a Permitted Amendment or to further increase the Commitment, which Permitted Amendments shall be entered into only in each of the Debtor's, Lenders, and Administrative Agent's respective sole and absolute discretion.

           5.     The rights and remedies of the Lenders and the Administrative Agent in respect of the obligations of the Debtor under the DIP Loan Agreement, granted and approved under the *Final Order (a) Authorizing Debtor to Obtain Postpetition Financing and to Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (b) Authorizing Debtor to Use Cash Collateral; (C) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (d) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361 and 363* [D.I. 182] (the "Final DIP Order") are hereby reaffirmed and shall continue in full force and effect with respect to the DIP Loan Agreement, as amended by the First Amendment, Second Amendment, Third Amendment, and Fourth Amendment, and as may be amended by the Permitted Amendments.  To the extent the Final DIP Order relies upon the definition of any term as used in the DIP Loan Agreement, the Final DIP Order shall be deemed modified to the extent the definition of such term is modified by the Fourth Amendment or any future Permitted Amendments.

           6.     This Final Fourth Amendment Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable ~~nunc pro tunc to the Petition Date~~ immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062 or 9024 or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Fourth Amendment Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Final Fourth Amendment Order.

- 4 -

7.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Final Fourth Amendment Order.

Dated: [ Sept 24 ], 2015
        Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE