IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VARIANT HOLDING COMPANY, LLC,[1] | ) Case No. 14-12021 (BLS) |
| | ) |
| Debtor. | ) |
| | ) **Re: Docket No. 584** |

### ORDER PURSUANT TO SECTIONS 105(a) AND 363(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 APPROVING SETTLEMENT AGREEMENT WITH THE QUINLAN PARTIES

Upon consideration of the motion (the "Motion")[2] of Variant Holding Company, LLC, the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case, for entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving that certain *General Release and Settlement Agreement* dated as of October 21, 2015 (the "Settlement Agreement")[3] resolving disputes (the "Settlement") by and between (i) Variant, (ii) certain direct and indirect subsidiaries of Variant (the "Subsidiaries", and together with Variant, the "Debtor Parties"), (iii) BPC VHI, L.P., Beach Point Total Return Master Fund, L.P., and Beach Point Distressed Master Fund, L.P. (collectively, the "Beach Point Funds"), (iv) Cortland Capital Market Services LLC, as administrative agent for the Beach Point Funds (the "Administrative Agent", and together with the Beach Point Funds, the "Lenders"), (v) John Quinlan ("Quinlan"), and (vi) those direct and

---

[1] The last four digits of the Debtor's federal tax identification number are (4044). The Debtor's service address is: Variant Holding Company, LLC, c/o Development Specialists, Inc., 333 S. Grand Ave, Suite 4070, Los Angeles, CA 90071-1544.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

[3] Except where otherwise stated, capitalized terms not defined herein have the meanings given to them in the Settlement Agreement.

indirect subsidiaries of Quinlan listed on <u>Exhibit B</u> to the Settlement Agreement (the "<u>Quinlan</u>

<u>Entities</u>", and together with Quinlan, the "<u>Quinlan Parties</u>") (collectively, the "<u>Parties</u>"); the

Court having reviewed the Motion and the Settlement Agreement and having considered the

statements of counsel and the evidence adduced with respect to the Motion; the Court having

found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

(b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion was

sufficient under the circumstances and in full compliance with Bankruptcy Rule 2002 and the

Local Rules of this Court, (d) the Settlement (i) is the product of good faith, arms' length

negotiations among the Settlement Parties, without collusion, (ii) is fair, reasonable, appropriate

and in the best interests of the Debtor's estate and (iii) represents a sound exercise of the

Debtor's business judgment and (e) each of the Parties provides sufficient consideration for the

transactions contemplated by the Settlement; and the Court having determined that the legal and

factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted

herein; **IT IS HEREBY ORDERED THAT:**

    1.    The Motion is GRANTED.

    2.    The terms of the Settlement Agreement attached hereto as **<u>Exhibit 1</u>** are

APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and

Bankruptcy Rule 9019.

    3.    Notwithstanding any provisions to the contrary in the Bankruptcy Rules,

the terms and conditions of this Order shall be immediately effective and enforceable upon its

entry.

2

4.      The Debtor is hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of the Settlement Agreement.

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order and the Settlement Agreement.

6.      The entry of this Order and approval of the Settlement is not a determination that the Court has general personal jurisdiction over the Quinlan Parties, nor is the entry of this Order or execution of the Settlement Agreement deemed to be a consent to general jurisdiction of the Court over the Quinlan Parties and all rights of the Quinlan Parties to contest jurisdiction are preserved.  Jurisdiction is limited to the Settlement Agreement as to the Quinlan Parties.

Dated: November 10 , 2015

The Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge