IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| VARIANT HOLDING COMPANY, LLC, et al.,[1] ) | Case No. 14-12021 (BLS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | **Re: Docket No. 658** |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING SUBSIDIARY DEBTORS TO EMPLOY AND RETAIN DEVELOPMENT SPECIALISTS, INC. TO PROVIDE A CHIEF RESTRUCTURING OFFICER, ADDITIONAL PERSONNEL, AND FINANCIAL ADVISORY AND RESTRUCTURING-RELATED SERVICES FOR SUCH DEBTORS, _NUNC PRO TUNC_ AS OF THE PETITION DATE**

This matter coming before the Court on the *Motion of Subsidiary Debtors Pursuant to 11 U.S.C. §§ 105(a) and 363(b) to Employ and Retain Development Specialists, Inc. to Provide a Chief Restructuring Officer, Additional Personnel, and Financial Advisory and Restructuring-Related Services for Such Debtors, Nunc Pro Tunc as of the Petition Date* (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession other than Variant (collectively, the "Subsidiary Debtors"); the Court having reviewed the Motion and the Sharp

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Variant Holding Company, LLC (4044); Laser Focus Holding Company, LLC (9153); Laser Focus Commercial Investments, LLC (9326); Houston 2 Apartments, LLC (8886); 10400 Sandpiper Apartments, LLC (6556); 10301 Vista Apartments, LLC (8886); Houston 14 Apartments, LLC (7563); 12500 Plaza Apartments, LLC (7563); Pines of Westbury, Ltd (7563); 201 Ashton Oaks Apartments, LLC (7563); 13875 Cranbrook Forest Apartments, LLC (7563); 5900 Crystal Springs Apartments, LLC (7563); 7170 Las Palmas Apartments, LLC (7563); 11911 Park Texas Apartments, LLC (7563); 1201 Oaks of Brittany Apartments, LLC (7563); 3504 Mesa Ridge Apartments, LLC (7563); 667 Maxey Village Apartments, LLC (7563); 17103 Pine Forest Apartments, LLC (7563); 7600 Royal Oaks Apartments, LLC (7563); 4101 Pointe Apartments, LLC (7563); The Oaks at Stonecrest Apartments, LLC (5589); Numeric Commercial Investments, LLC (9443); FX3 Apartment Investors, LLC (4055); Royal Numeric FX Investments, LLC (6908); Broadmoor Apartments, LLC (7888); Chesapeake Apartments, LLC (5716); Holly Ridge Apartments, LLC (7117); Holly Tree Apartments, LLC (4288); Preston Valley Apartments, LLC (3356); Ravenwood Hills Apartments, LLC (8264); River Road Terrace Apartments, LLC (6396); Sandridge Apartments, LLC (3592); Majestic Heights Apartments, LLC (2174); Sonterra Apartments, LLC (6220); Toscana Villas Apartments, LLC (8873). The Debtors' service address is: Variant Holding Company, LLC, c/o Development Specialists, Inc., 333 S. Grand Ave, Suite 4070, Los Angeles, CA 90071-1544.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

Declaration; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; (b) this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the Court may enter a final order consistent with Article III of the United States Constitution; (d) venue of this proceeding and the Motion in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (e) notice of the Motion was sufficient under the circumstances; after due deliberation the Court having determined that the relief requested in the Motion is necessary and essential for the Subsidiary Debtors' estates and such relief is in the best interests of the Subsidiary Debtors, their estates and creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, as set forth herein, *nunc pro tunc* as of the Petition Date.

2. The Subsidiary Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to employ and retain DSI, effective *nunc pro tunc* as of the Petition Date, to provide Mr. Sharp as CRO, the Additional Personnel, and financial advisory and restructuring-related services as described in the Motion and in accordance with the terms and conditions set forth in the Subsidiary Engagement Letter, as modified herein.

3. In the event the Subsidiary Debtors seek to have DSI personnel assume executive officer positions that are different than the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

2

4. Notwithstanding any provision to the contrary in the Subsidiary Engagement Letter, DSI shall file with the Court and serve on the Notice Parties a Staffing Report by the 20th of each month for the previous month, which shall include the names and functions filled by all DSI personnel assigned to the engagement. The Staffing Report (and DSI's staffing for this matter) shall remain subject to review by the Court in the event so requested by any of the Notice Parties.

5. Further, notwithstanding any provision to the contrary in the Subsidiary Engagement Letter, DSI shall file with this Court, and serve upon the Notice Parties, Compensation Reports on at least a quarterly basis. The Compensation Reports shall summarize the service provided, identify the compensation earned, itemize expenses incurred and provide for an objection period. All such compensation shall remain subject to review by this Court if any objection is filed.

6. Further, the Subsidiary Debtors are permitted to indemnify those persons acting as executive officers only on the same terms as provided under applicable operating agreements of each of the Subsidiary Debtors.

7. There will be no other indemnification of DSI or any of its affiliates.

8. Further, notwithstanding any provision to the contrary in the Subsidiary Engagement Letter, DSI shall be deemed to have waived, and shall not raise or assert any defense, based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of this Court or (if the reference is withdrawn) the District Court for the District of Delaware to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to DSI's engagement in these cases.

9. For a period of three years after the conclusion of DSI's engagement, neither DSI nor any of its affiliates shall make any investments in the Subsidiary Debtors or any reorganized Subsidiary Debtors.

10. DSI shall disclose any and all facts that may have a bearing on whether DSI, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Subsidiary Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this paragraph is a continuing obligation.

11. Any success fees, transaction fees, or other back-end fees shall only be approved by the Court at the conclusion of the case upon the filing of a fee application, and shall be considered on a reasonableness standard and shall not be pre-approved under section 328(a) of the Bankruptcy Code.

12. The Subsidiary Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. The terms and conditions of the Variant DSI Retention Order shall remain in full force and effect, unless otherwise modified or supplemented by this Order.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry notwithstanding the possible applicability of Bankruptcy Rules 6004(g), 7062 or 9014.

15. To the extent that this Order is inconsistent with the Subsidiary Engagement Letter, the terms of this Order shall govern.

DOCS_DE:201455.8 89703/002

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: February 12, 2016

_____
Honorable Brendan L. Shannon
United States Bankruptcy Judge